UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ERNESTINA S.,[1] <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 5:18-cv-00445-JDE <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Ernestina S. ("Plaintiff") filed a Complaint on March 3, 2018 seeking review of the Commissioner's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). On January 2, 2019, the parties filed a Joint Submission ("Jt. Stip.") regarding the issues in dispute. The matter now is ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# I.
# BACKGROUND

Plaintiff filed applications for DIB and SSI on July 1, 2014, both alleging disability commencing on December 12, 2013. Administrative Record ("AR") 172-75, 176-81. After her applications were denied initially and on reconsideration (AR 67-74, 85-93, 105-08, 115-20), Plaintiff requested an administrative hearing (AR 121-22), which was held on October 28, 2016. AR 34-66. Plaintiff, represented by an attorney, appeared and testified before an Administrative Law Judge ("ALJ").

On December 14, 2016, the ALJ issued a written decision finding Plaintiff was not disabled. AR 7-23. The ALJ found Plaintiff had not engaged in substantial gainful employment since December 12, 2013 and suffered from the severe impairments of gastro-esophageal reflux disease, internal hemorrhoids, ulcerative colitis, Crohn's disease, and diabetes mellitus. AR 12. The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. AR 13. The ALJ also found Plaintiff had the residual functional capacity ("RFC") to perform the demands of light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) with the following limitations:

> [Plaintiff] can lift and carry up to 20 pounds occasionally and 10 pounds frequently; can stand and walk for about six hours in an eight-hour workday and sit for six hours in an eight-hour workday with normal breaks; can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel and crouch; can never crawl; should have only occasional exposure to environmental irritants, such as fumes, dusts, gases, and odors such as mostly cooking odors; should have only occasional exposure to poorly ventilated areas; should have

>only occasional use of moving, hazardous machinery such as large construction machinery and production machinery with large moving parts; and needs availability to a restroom in the same location as the individual, such as an office setting.

AR 13-14.

The ALJ determined Plaintiff could perform her past relevant work as a general office clerk. AR 18. Accordingly, the ALJ concluded Plaintiff was not under a "disability," as defined in the Social Security Act, from December 12, 2013 through the date of the ALJ's decision. AR 19.

On January 24, 2018, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. This action followed.

## II.

## LEGAL STANDARDS

### A. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or

reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless (Molina, 674 F.3d at 1115), that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

**B. Standard for Determining Disability Benefits**

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110.

First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Id. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015). If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from his impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p.

4

After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform his past relevant work, either as he "actually" performed it when he worked in the past, or as that same job is "generally" performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016). If the claimant cannot perform his past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, he is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See id. at 1099.

The claimant generally bears the burden at each of steps one through four to show he is disabled, or he meets the requirements to proceed to the next step; and the claimant bears the ultimate burden to show he is disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

## III.
## DISCUSSION

The parties present one issue: Did the ALJ properly consider Plaintiff's subjective statements regarding her symptoms and limitations in assessing her RFC? Jt. Stip. at 4. Plaintiff contends the ALJ erred in discounting Plaintiff's subjective symptom testimony by improperly relying upon Plaintiff's daily activities and the absence of objective medical evidence, resulting an inadequate RFC. Jt. Stip. at 5-9.

**A. Applicable Law**

Where a disability claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, absent evidence of malingering, the ALJ must provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." Treichler v. Comm'r Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (citation omitted); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); see also 20 C.F.R. § 416.929. The ALJ may consider, among other factors: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties. Rounds, 807 F.3d at 1006.

The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude that the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885 (citation omitted). Furthermore, a "lack of medical evidence cannot form the sole basis for discounting pain testimony." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

However, if the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the Court's role to "second-guess" it. See Rollins, 261 F.3d at 857. Finally, the ALJ's credibility finding may be upheld even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. See Batson v. Comm'r Soc. Sec. Admin, 359 F.3d 1190, 1197 (9th Cir. 2004).

## B. Analysis

During the 2016 hearing, Plaintiff testified she must use the restroom frequently because of her impairments and that she has "good" days and "bad" days. AR 39. On a bad day, Plaintiff asserted she might use the restroom between five and ten times per hour; on a good day, she might use the restroom two to three times per hour. AR 44. Plaintiff stated she has "bad days" two to three times per week. Id. She asserted she has twenty to thirty seconds of warning at most before she must use the restroom, or she will potentially soil herself. AR 49. Plaintiff also testified she can drive a vehicle, shop, leave her house one to two times per week, dust, vacuum, read, and walk. AR 40-43, 51.

The ALJ analyzed Plaintiff's subjective symptoms and the medical and opinion evidence regarding those symptoms for approximately four pages in her decision, concluding the testimony was "not entirely consistent" with the evidence. The ALJ agreed Plaintiff "had significant symptoms around her initial diagnosis," but found the evidence did "not demonstrate uncontrollable, disabling limitations for any 12-month period." AR 15-16.

The ALJ noted numerous instances when Plaintiff failed to follow recommended treatment, including failing to pick up prescribed medication, refusing recommended medication, missing a follow-up appointment, cancelling scheduled colonoscopies, and refusing to reschedule testing. AR 15-18 (citing AR 363, 481, 556, 662, 664, 778). Plaintiff's failures were so significant that treating physician Dr. Charles Thomas Chaya wrote, on December 1, 2014, "I am reluctant to extend off work beyond 12/31/2014 if there is not any conscious effort [on Plaintiff's] part to take the medications in trying to get better," and again, on February 4, 2015, he would "not extend her disability a third time if [Plaintiff] is not willing to have tests done to determine if additional therapy is needed." AR 16-17 (citing AR 620, 664). Dr. Chaya

concluded: "the issue with [Plaintiff] not getting better is that she is not taking the medications soon after seeing me," and "[Plaintiff] hasn't demonstrated any effort of trying to get better"; "[i]t would be fraud to excuse [Plaintiff] off of work for the above reasons." AR 622. Similarly, after Plaintiff declined continued medication for diarrhea, Angela Denise Martin, M.D. explained she "may not have much more to offer [Plaintiff] as extensive testing has been done [and is] negative." AR 778.

In assessing a claimant's subjective testimony, "the ALJ may consider . . . unexplained or inadequately explained failure . . . to follow a prescribed course of treatment." See Molina, 674 F.3d at 1112; see also Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (same); Edlin v. Colvin, 2014 WL 5500311, at *5 (E.D. Wash. Oct. 30, 2014) (ALJ properly relied on claimant's lack of compliance with treatment in discounting credibility); 20 C.F.R. §§ 404.1530, 416.930. As detailed immediately above, the ALJ noted repeated instances of Plaintiff follow recommended treatment options—failures that were so serious that one doctor raised the specter of fraud. The ALJ's finding regarding failure to follow treatment was a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's statements of a disabling impairment.

In addition, the ALJ found that after the initial diagnosis, Plaintiff's symptoms were "managed fairly well when [Plaintiff] followed treatment." AR 15. The ALJ noted: (1) stool and blood testing showing Plaintiff's stools were solid, she had "normal" bowel movements of three to four per day, and her colitis was "well controlled." AR 15 (citing AR 873, 898-99, 921-22). The ALJ afforded "significant weight" to the opinions of Office of Disability Determination ("ODD") physicians, who found that Plaintiff's "condition had improved to the point that she was capable of performing light work with availability of restroom access and the ability to perform postural activities

occasionally," and found those conclusions were consistent with the record which "showed stabilization with treatment compliance." AR 18. As noted, Dr. Martin concluded she "may not have much more to offer [Plaintiff] as extensive testing has been done [and is] negative." AR 778.

"Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility" for benefits. Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006). As the regulations direct, "[i]n order to get benefits, [claimants] must follow treatment prescribed by [their] medical source(s) if this treatment is expected to restore [their] ability to work. 20 C.F.R. § 404.1530(a). The ALJ properly discounted Plaintiff's subjective symptom testimony based upon evidence that showed "improved control and stabilization" of those conditions. AR 15.

The ALJ also discounted Plaintiff's subjective symptom testimony based on her reported daily activities. AR 15. The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Garrison v. Colvin, 759 F.3d 995, 1016 (9th Cir. 2014); Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a vehicle, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."). "[O]nly if his level of activity [was] inconsistent with [a claimant's] claimed limitations would these activities have any bearing on his credibility." Garrison, 759 F.3d at 1016

Here, without reaching the issue, even if the ALJ erred in relying on Plaintiff's activities of daily living as a basis for discounting her symptom

9

testimony, as long as there remains "substantial evidence supporting the ALJ's conclusions" and the error "does not negate the validity of the ALJ's ultimate [credibility] conclusion," the error is deemed harmless and does not warrant reversal. Batson, 359 F.3d at 1195-97; Williams v. Comm'r Soc. Sec. Admin., 2018 WL 1709505, at *3 (D. Or. Apr. 9, 2018) ("Because the ALJ is only required to provide a single valid reason for rejecting a claimant's pain complaints, any one of the ALJ's reasons would be sufficient to affirm the overall credibility determination.") As there are two other proper bases for the ALJ's discounting of Plaintiff's subjective symptom testimony, the Court does not consider the purported basis based upon activities of daily living.

The ALJ provided sufficiently specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony, specifically, the Plaintiff's failure to follow treatment and improvement with treatment. Those grounds, together, are sufficient to affirm the ALJ's findings with respect to Plaintiff's symptom testimony and the RFC assessment based upon those findings.[2]

---

[2] Plaintiff also asserts, in two sentences, that the ALJ erred by not discussing "in any meaningful way" the possibility of a closed period of disability. Jt. Stip. at 6. An ALJ is required to consider a closed period of disability if evidence in the record supports a finding that a person is disabled for a period of not less than twelve months. See Reynoso v. Astrue, 2011 WL 2554210, at *3 (C.D. Cal. June 27, 2011). Here, the ALJ stated, "the evidence does not demonstrate uncontrolled, disabling limitations for any 12-month period." AR 16. As noted above, the ALJ afforded "[s]ignificant weight" to the DDS opinions which found Plaintiff's condition had improved to permit light work, with restrictions, within twelve months of the alleged onset date, opinions the ALJ found were "consistent with the record." AR 18 (citing AR 70-72, 78-80, 89-91, 98-100). Accordingly, the ALJ did consider whether Plaintiff was disabled for any twelve-month period and properly concluded, based upon substantial evidence, that Plaintiff was not disabled for any closed period of disability. See Rosales v. Colvin, 2013 WL 1410387, at *4-5 (D. Ariz. Apr. 8, 2013) (finding the ALJ did not err in failing to consider a closed period of disability where the ALJ's decision was supported by substantial evidence).

## IV.
## ORDER

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: March 12, 2019

_____
JOHN D. EARLY
United States Magistrate Judge